## HATCH et al v. GORLINSKI et al.

No. 1761. Decided January 3, 1907 (88 Pac. 406).

CONTRACTS—MODIFICATION—ACTIONS—EVIDENCE—SUFFICIENCY. In an acion by a vendor contracting to convey mining claims to purchasers on specified conditions for the recovery of money due under an alleged modified contract, evidence examined, and *held* to warrant a finding that the purchases agreed to pay the sum sued for in consideration of the vendor waiving his right to forfeit the purchasers' right in the contract of conveyance, authorizing a judgment for the vendor.

APPEAL from District Court, Fourth District; J. E. Booth, Judge.

Action by A. C. Hatch and another against Robert Gorlinski and another. From a judgment for plaintiffs, defendants appeal.

AFFIRMED.

*King, Burton & King* and *M. M. Kaighn* for appellants.

*S. R. Thurman* for respondents.

STRAUP, J.

This is an action brought by plaintiffs against defendants to recover the sum of $250, with interest. The case was tried before the court without a jury, and resulted in a judgment in favor of the plaintiffs. The defendants appeal. No principle of law is discussed or relied on by counsel of either party. The only question of law presented is that of insufficiency of the evidence to justify the findings. A comparison of the findings with the evidence is all that is necessary to determine it.

It is made to appear that on the 15th day of January, 1903, an option agreement in writing was entered into between the plaintiffs and the defendant Gorlinski, with whom the other defendants were interested, by the terms of which the plaintiffs agreed to sell and convey certain mining claims upon the conditions that on or before the 24th day of June, 1903, the defendants would make application for a survey for patent, and would prosecute proceedings therefor at their expense, and would pay plaintiffs the sum of $500 on or before July 15th, $500 on or before September 1st, and $14,000 on or before December 31, 1903. Time was made of the essence of the agreement. It was also provided that a failure to perform any of the conditions was ground for forfeiture of all rights and privileges and of all sums previously paid. A deed of conveyance was made by plaintiffs and placed in escrow. The first payment, of $500, was made in accordance with the agreement; the defendant Shaughnessy paying $250, and the defendants Gorlinski and Walker $125 each. The payment was indorsed by plaintiffs on the contract. The $500 which was to be paid on September 1st was not paid on that date. So far, there is no dispute in the evidence. But from this point opposite positions are taken by the parties.

There is evidence on the part of the plaintiffs tending to show that on the 2d day of September the parties made

an additional agreement, to the effect that by plaintiffs accepting the promise of the defendants to pay unconditionally the $500 which ought to have been paid on or before September 1st they would not insist upon a forfeiture of the option contract, but would treat the payment of $500 the same as though it had been made on or prior to September 1st; that, in pursuance of such arrangement, the defendants mailed to the plaintiffs two checks, one for $250, signed by Shaughnessy, and one for $250, signed by Walker, which represented the interests of Walker and Gorlinski. Upon the receipt of the checks the plaintiffs indorsed the payment of $500 on the contract, and deposited the checks in bank for collection. The Walker check was paid, but the Shaughnessy check was not paid because of lack of funds at the bank on which it was drawn. The plaintiffs thereupon communicated such fact to the defendants, who replied that the matter would be settled, and requested the plaintiffs to hold off until they had an opportunity to do so. Later, the amount represented by the Shaughnessy check still remaining unpaid, the plaintiffs offered to call the matter at an end, if the defendants would give them a written release of the contract releasing them from all obligations thereunder. In reply to such offer the defendants against requested additional time, and again promised to pay or cause to be paid the $250. In pursuance of the negotiations had between the parties, the plaintiffs kept alive the option agreement until December 31, 1903, when the $14,000 was due. The defendants having failed to pay the $250, and having failed to prosecute proceedings for patent, and after a considerable correspondence between the parties with respect to the transactions, and the defendants having failed to make the $14,000 payment, the plaintiffs on the 7th day of January, 1904, withdrew the escrow. There is evidence on the part of the defendants tending to show that no promise was made by them to pay absolutely or unconditionally the second payment of $500, or that they agreed to pay the dishonored check; that they on the 2d day of September offered to send the plaintiffs $500 in checks, if they would accept them as being in

time, and if they would keep alive the option contract, to which the plaintiffs assented, and that in pursuance thereof the checks were sent to plaintiffs; that the escrow was not modified, and that the plaintiffs had the right to declare a forfeiture at any time after September 1st, because the second payment not having been made as provided by the contract; and that the exercise of such right was plaintiff's only remedy. The trial court found the issues in favor of the plaintiffs, and gave them judgment for $250 and costs. There is sufficient evidence in the record to support the findings. The findings are sufficient to support the judgment.

It therefore follows that the judgment must be affirmed, and such is the order, with costs.

McCARTY, C. J., and FRICK, J., concur.